894 F.2d 407
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles EGAN, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, Northpoint Training Center,
Respondent-Appellee.
 No. 89-5011.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1990.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Charles Egan, a Kentucky prisoner, appeals the order of the district court granting respondent's motion for summary judgment dismissing his petition filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Egan sought habeas relief on the grounds that his attorney rendered ineffective assistance to him by advising him that the death penalty was the maximum penalty for the offense with which he was charged and by failing to raise the defense of extreme emotional distress or the defense of intoxication. Additionally, Egan contended that his guilty plea to the charged offense was entered unknowingly and involuntarily as it was induced by erroneous information about the maximum possible penalty.
 
 
 3
 Upon review of the record and the briefs, we find no error. Egan was eligible to receive a sentence of death for the shooting of an unarmed brother-in-law without apparent provocation. Ky.Rev.Stat. Sec. 507.020(2) and Sec. 532.025(2)(a)(1). Therefore, he was not misinformed or improperly induced to plead guilty.
 
 
 4
 The transcript of Egan's guilty plea reflects strict adherence to the rules governing the acceptance of a guilty plea. Ky.R.Crim.P. 8.08. See Caldwell v. Commonwealth of Kentucky, 503 S.W.2d 485 (Ky.1972). He is now bound by his under-oath responses to the court's inquiries regarding the knowledge and voluntariness of his plea. Baker v. United States, 781 F.2d 85, 90 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 5
 Finally, counsel's performance did not fall below the acceptable standard of competence or result in demonstrable prejudice. Strickland v. Washington, 466 U.S. 668 (1984); Hill v. Lockhart, 474 U.S. 52 (1985).
 
 
 6
 Accordingly, for the reasons set forth in the magistrate's report and recommendation dated May 18, 1988, as adopted by the district court in its order dated August 9, 1988, we hereby affirm the order of the district court pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.